UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SYLVESTER LARNELL EVANS, JR., | 18-CV-14201 |
| Plaintiff, | |
| VERSUS | JUDGE SUSIE MORGAN |
| JEFFERSON PARISH, LOUISIANA; | MAGISTRATE JUDGE JANIS VAN MEERVELD |
| Defendant. | |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Sylvester Larnell Evans, Jr., AKA Church, filed the above-captioned matter in this Court in which he asserts a claim against Jefferson Parish for "several breaches of constitutional and state law."

On December 28, 2018, the Court ordered Mr. Evans to show cause by Monday, January 28, 2019 as to why this case should not be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(i-iii) for failing to state a claim on which relief may be granted. Mr. Evans responded on January 31, 2019.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
>     (B) the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). A claim is "frivolous" where it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." Samford v. Dretke, 562 F.3d 674, 678 (5th Cir. 2009) (per curium) (quoting Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). "A complaint lacks an arguable basis in fact when 'the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless.'" Id. (quoting Harris, 198 F.3d at 156).

"To determine if a complaint fails to state a claim" under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same standard "applicable to dismissals made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure." Id. In ruling on a 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). Further, "[t]o survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level." Id. (citation, footnote, and quotation marks omitted). On that point, the United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Here, plaintiff alleges a breach of contract claim and asserts that the contract at issue is the "foundation of constitution." He asserts that Jefferson Parish is required to "respect and follow rule of Constitutional, state, and federal law." And he alleges that Jefferson Parish "[b]roke and circumvented numerous Constitutional, state, and federal law." He does not specify which. His requested relief is "visual and audio equipment for every officer in uniform including detectives. And return stolen devices and currency taken including 24K gold coins and replace lost items from parish jail." He alleges no facts from which it could be determined what actions or inactions of Jefferson Parish he challenges, how he has been injured, or what constitutional or statutory law he is attempting to invoke.

In his written response to this Court's Rule to Show Cause Order, Mr. Evans adds that "this is a matter of National and Homeland Security. The proof is in civil case 24012 out of St. James Parish." He offers no additional facts to support his claim for relief.

On the complaint as written, Mr. Evans has failed to state a claim on which relief may be granted. Accordingly,

**IT IS RECOMMENDED** that this lawsuit be DISMISSED WITHOUT PREJUDICE for failure to state a claim.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions

accepted by the district court, except upon grounds of plain error. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 6th day of May, 2019.

                                                                                             Janis van Meerveld
                                          United States Magistrate Judge